## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**ROBERT C. MCCOY,**

      **Plaintiff,**

**v.**                                 **Case No: 5:21-cv-559-WFJ-PRL**

**USP COLEMAN I, B.M.**
**ANTONELLI, FEDERAL BUREAU**
**OF PRISONS, and FNU BERMAN,**

      **Defendants.**

_____

## ORDER

Before the Court is Plaintiff Robert C. McCoy's Civil Rights Complaint (Doc.

1) filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

388 (1971). Plaintiff is a federal prisoner proceeding *pro se*.

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an

initial screening of certain civil suits brought by prisoners to determine whether they

should proceed. Upon review, a court is required to dismiss a complaint (or any

portion thereof) in the following circumstances:

> (b) Grounds for Dismissal.–On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief
> > may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and not left to the discretion of the district courts. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). While failure to exhaust is an affirmative defense, a district court may *sua sponte* dismiss a complaint where it is "clear from the face of the complaint" that the affirmative defense bars the claim. *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)) (affirming the district court's *sua sponte* dismissal of a complaint for failure to state a claim where it was clear the plaintiff had not exhausted administrative remedies). Plaintiff's failure to exhaust is clear from the face of his Complaint. Specifically, he admits that he is "still grieving" his claims. (Doc. 1 at 9).

When a court determines that a complaint is subject to dismissal pursuant to its screening obligation under § 1915A(b)(1), it generally should grant a *pro se* plaintiff leave to amend "unless a more carefully drafted complaint could not state a claim."

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a) for failure to exhaust his administrative remedies prior to filing this suit.

2. The **Clerk of Court** is directed to enter judgment accordingly, terminate any pending motions, and close this file.

3. The **Clerk** shall send Plaintiff a blank civil rights complaint form. If he elects to refile his claims, he may complete and submit the proper forms after exhausting his administrative remedies. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff refiles.

**DONE** and **ORDERED** in Tampa, Florida on December 1, 2021.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

Copies to: Unrepresented Party